# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**BARBARA J. BARRINGTON,**

        **Plaintiff,**

-vs-                                                    **Case No. 6:05-cv-1601-Orl-KRS**

**LOCKHEED MARTIN, ET AL.,**

        **Defendants.**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF MOTION TO COMPEL DEPOSITION (Doc. No. 117)** |
| **FILED:** | **November 17, 2006** |

Plaintiff Barbara Barrington moves for an order compelling the deposition of Ron Gettelfinger, compelling Georgi-Ann Bargamian to answer questions posed during her deposition, overruling objections made during the deposition of Barbara Klein, and admitting the Union Constitution, apparently into evidence. Doc. No. 117. Defendants Lockheed Martin Corporation and United Auto Worker, Local 788, United Auto Workers, International Union, United Automobile Aerospace and Agricultural Implement Worker of America (Local 788) have responded, and the matter is ripe for review. Doc. Nos. 119, 121. Discovery in this matter closed on November 17, 2006. Doc. No. 96. I will address each of the requests separately.

### A. *Request to Depose Ron Gettelfinger*.

Barrington seeks to depose Ron Gettelfinger, President of the International Union of the United Automobile, Aerospace, Agricultural Implement Workers of America (International Union). Barrington represents, and counsel for Local 788 acknowledges, that Barrington attempted to notice Gettelfinger's deposition through a Notice of Taking Deposition Duces Tecum, although I do not find this notice in the file. *See* Doc. No. 117 at 2; Doc. No. 119 at 3.

Counsel for Local 788 argues that the notice of taking deposition was insufficient because Local 788 is an independent legal entity from the International Union, and neither the International Union nor Gettelfinger are parties to the present action. Doc. No. 119 at 2. She offered no evidence to support this assertion. Furthermore, in other papers filed in this case, counsel indicated that she acts on behalf of "Defendant, International Union of Automobile, Aerospace, Agricultural Implement Workers of America." *See* Doc. Nos. 14, 42, 48. Additionally, counsel for Local 788 offered to produce an assistant to Gettelfinger for a deposition, *see* doc. no. 119 at 3 & ex. 1, which reflects that counsel for Local 788 also represents and has control over the International Union and its officers and agents for purposes of making them available to be deposed in this case. Considering the confusion created in the record by counsel for Local 788, it was reasonable for Barrington to seek Gettelfinger's deposition by notice, rather than by subpoena.

Counsel for Local 788 also argues that it is inappropriate to require the President of the International Union to appear for a deposition. This is an argument that appropriately could have been made on a motion to quash or for a protective order. Considering that Barrington canceled

the deposition before it was to have been taken, however, I will consider this legal argument, albeit belatedly made.

Counsel for Local 788 relies on a decision by the Honorable David A. Baker, United States Magistrate Judge, in support of her argument. In his order, Judge Baker noted that the high-ranking official whom the plaintiff sought to depose submitted an affidavit in which he averred that he did not have personal knowledge of the matters about which the plaintiff wished to inquire. *Bontempo v. Lockheed Martin Corp.*, No. 6:02-cv-640-Orl-18DAB (M.D. Fla. Jan. 14, 2003), doc. no. 23, reproduced at Doc. No. 119-3 at 3. In the present case, Barrington submitted a letter from Gettelfinger to her indicating that Gettelfinger received copies of Barrington's complaint and that he forwarded it to the appropriate department for investigation and follow-through. Doc. No. 117-2. Barrington wishes to inquire where Gettelfinger forwarded her complaint and the results of the investigation that was to follow. Doc. No. 117 at 2. It appears that Gettelfinger should have personal knowledge as to this issue based on his letter.

Finally, Local 788 has argued in this case that Barrington's complaint should be denied because she failed to exhaust available internal remedies before filing this case. One of those avenues of review, according to Local 788, would have been through the Union's Public Review Board. Doc. No. 67 at 17-18. Barrington indicates that she specifically wishes to inquire whether Gettelfinger sent her complaint to the Public Review Board. Doc. No. 117 at 2. Under these circumstances, the information Barrington wishes to obtain from Gettelfinger is relevant to the issues in the case.

Accordingly, the motion to compel Gettelfinger to appear for a deposition is **GRANTED**, and it is **ORDERED** that Mary Jill Hanson, counsel for the Local 788, shall cause Gettelfinger to appear for a deposition, which deposition Gettelfinger may attend from his home or place of business via telephone.  Barrington must make the necessary arrangements to have Gettelfinger sworn by a notary public or court reporter in the place where he is physically present, unless Gettelfinger and counsel for the defendants agree in writing that an oath administered by a court reporter present in the Middle District of Florida will bind Gettelfinger to the same extent as would an oath administered in the location where Gettelfinger is physically present.

Counsel shall confer with Gettelfinger and with Barrington to select a mutually convenient date on or before December 31, 2006, on which Gettelfinger will be deposed.  The deposition may be conducted by telephone.  If the parties are unable to arrive at a date for the deposition, they shall *jointly* contact my courtroom deputy clerk, Samantha Colón, at 407/835-4320 on or before December 15, 2006, to schedule a telephonic hearing during which I will set the date and time for the deposition.

Counsel for Local 788 shall provide a copy of this order to Gettelfinger.

B.      *Motion to Compel Directed to Georgi-Ann Bargamian.*

Barrington requests that the Court compel Georgi-Ann Bargamian to answer the question posed by Barrington at lines 7 through 23 of page 16 of Bargamian's deposition. Doc. No. 117 at 3. The pertinent portion of Bargamian's deposition transcript is as follows:

> [Barrington]   I'm gonna ask a specific question here: If you know that – you stated you don't know why the arbitrator used my civil defamation lawsuit to terminate me.  And do you feel that was wrong?

>    [Bargamian]    Do I feel that was wrong?
>
>    [Barrington]   That – how I was terminated by the arbitrator?
>
>    [Counsel for Lockheed Martin]    Object to form.
>
>    [Bargamian]    I'm sorry. I'm not quite sure what you are asking me.
>
>    [Barrington]   Okay. You said in your letter to the National Labor Relation[s] Board you don't understand – you [do] not know why the arbitrator used Barrington's civil defamation lawsuit as basis for [my] discharge. And I asked why would you say that? Do you think that it was wrong?
>
>    [Counsel for Local 788]    Object to the form of the question.
>
>    [Counsel for Lockheed Martin]    Join.
>
>    [Counsel for Local 788]    Compound question.
>
>    [Bargamian]    The Union did not like the arbitration decision. The Union disagreed with the arbitrator's analysis.

Doc. No. 117-5 at 16.

The deposition transcript indicates, and Barrington appears to concede, doc. no. 117 at 3, that Bargamian answered the question. Because Bargamian answered the question in issue, the motion to compel Bargamian to again answer the question is **DENIED**.

C.    *Motion to Overrule Objections in the Deposition of Barbara Klein*.

Barrington next moves for an order overruling an objection made during the deposition of Barbara Klein. Because Klein answered the question in issue, counsel's objections merely preserved the objections should any party attempt to rely on the deposition in support of motions or responses filed with the Court or during a hearing or trial. There is, therefore, no need to rule on the objections at this time. Accordingly, this request is **DENIED**.

   D.   *Motion to Admit the Union Constitution*.

Barrington requests that the Court admit the Union Constitution into evidence. This request is premature. The Court will consider any objections to use of the document that may be made when the document is either submitted in support of motions or responses filed with the Court, or offered into evidence. Therefore, this request is **DENIED**.

   **DONE** and **ORDERED** in Orlando, Florida on December 4, 2006.

*Karla R. Spaulding*
   KARLA R. SPAULDING
   UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties