# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**BARBARA J. BARRINGTON,**

                      **Plaintiff,**

**-vs-**                                                         **Case No.  6:05-cv-1601-Orl-KRS**

**LOCKHEED MARTIN, ET AL.,**

                      **Defendants.**

_____

## ORDER

### I.    INTRODUCTION.

On March 16, 2007, the Court entered an order denying the motion for summary judgment filed by Plaintiff Barbara J. Barrington, and granting the motions for summary judgment filed by Defendants Lockheed Martin Corporation (LMC) and U.A.W. Local 788 (Local 788).  Doc. No. 142.  Judgment was entered in favor of LMC and Local 788 on March 19, 2007.  Doc. No. 143.

Local 788 then submitted a proposed bill of costs, doc. no. 145, which was taxed by the Clerk of Court, doc. no. 146.  Barrington filed a motion for relief, which the Court construed as an objection pursuant to Federal Rule of Civil Procedure 54(d)(1).  Doc. No. 147.  The Court directed Local 788 to provide evidence in support of the costs, and to address the propriety of taxing costs against a party who had been granted leave to proceed *in forma pauperis*, as Barrington had been. Doc. No. 148; *see also* Doc. No. 5.  Local 788 responded, doc. no. 152, and submitted an Amended Proposed Bill of Costs seeking fewer costs, doc. no. 153.

In the meantime, LMC filed a proposed bill of costs, doc. no. 150, and Defendant Lockheed Martin Corporation's Motion to Tax Costs With Supporting Memorandum of

Law/Memorandum in Opposition to Plaintiff's Motion for Relief, doc. no. 151.  In addition to requesting costs, LMC addressed the issues raised in the Court's Order to Local 788.

Barrington filed a response to LMC's motion, which also addresses issues raised in the dispute with Local 788.  Doc. No. 155.  Barrington also filed a notice of appeal, and motion for leave to proceed *in forma pauperis* on appeal.  Doc. Nos. 156, 158. The matter is ripe for review.

## II.    APPLICABLE LAW.

Federal Rule of Civil Procedure 54(d)(1) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs . . . ."  The Supreme Court has held that 28 U.S.C. § 1920 "enumerates expenses that a federal court may tax as costs under the discretionary authority found in Rule 54(d).  It is phrased permissively because Rule 54(d) generally grants a federal court discretion to refuse to tax costs in favor of  the prevailing party."  *Crawford Fitting Co. v. J.T. Gibbons, Inc.* 482 U.S. 437, 441-42 (1987).  A court cannot award costs other than those specifically authorized in § 1920, unless authorized by another applicable statute.  *See EEOC v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2001)(citing *Crawford*, 482 U.S. at  445).  The Court can only award costs that are "adequately described and documented."  *Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1340 (M.D. Fla. 2002).

The following are allowable as costs under § 1920:

(1)     Fees of the clerk and the marshal;

(2)     Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for the use in the case;

(3)     Fees and disbursements for printing and witnesses;

(4)     Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5)     Docket fees under 28 U.S.C. § 1923; and

(6)     Compensation of court appointed experts, interpreters, and salaries, fees, expenses and costs of special interpretation services.

*Id*.

Other litigation expenses, including "facsimiles, long  distance telephone calls, couriers, express mail, computerized legal research, attorney travel and lodging, postage, search services, office supplies, attorney meals, secretarial services, mediation and expert witness fees are not compensable under § 1920 because these expenses are not enumerated in the statute." *Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1339 (M.D. Fla. 2002).

The statute applicable to *in forma pauperis* proceedings, 28 U.S.C. § 1915(f)(1), provides that "[j]udgment may be rendered for costs at the conclusion of the suit or action as in other proceedings," subject to certain exceptions not applicable here.  While the United States Court of Appeals for the Eleventh Circuit has not directly ruled on the issue of costs under § 1915(f) and Rule 54(d), in *Harris v. Forsyth*, 742 F.2d 1277, 1278 (11th Cir. 1984), the court assessed costs against a party proceeding *in forma pauperis* under § 1915(f) and a Federal Rule of Appellate Procedure similar to Rule 54.  In support of that decision, the Eleventh Circuit cited approvingly the Fourth Circuit's decision in *Flint v. Haynes*, 651 F.2d 970, 972 (4th Cir. 1981), which upheld a district court's award of costs under Rule 54(d) against a party proceeding *in forma pauperis*.  This strongly suggests that the Eleventh Circuit would permit the taxation of costs under Rule 54(d) against a litigant proceeding *in forma pauperis*.  Furthermore, other appellate courts have

consistently reached similar results.  *See, e.g.*, *Whitfield v. Scully*, 241 F.3d 264, 270 (2d Cir. 2001)

("There is also widespread agreement among the courts of appeals that indigency per se does not

preclude an award of costs against an unsuccessful litigant . . . .").

Thus, costs may be taxed against a litigant proceeding *in forma pauperis* unless the Court

in its discretion determines not to award costs.  Because Rule 54(d) provides that costs should be

awarded as a matter of course, there is a presumption in favor of awarding costs.  "To defeat the

presumption and deny full costs, a district court must have and state a sound basis for doing so."

*Chapman v. AI Transport*, 229 F.3d 1012, 1039 (11th Cir. 2000) (en banc).  "[A] non-prevailing

party's financial status is a factor that a district may, but need not, consider in its award of costs

pursuant to Rule 54(d)."  *Id.*; *see also, e.g.*,  *Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180,

1190 (10th Cir. 2004) ("[T]he indigent status of the non-prevailing party and the presentation of

issues that are close and difficult" may be considered by the court in exercising its discretion under

Rule 54(d).); *In re Paoli R.R. Yard PCB Litigation*, 221 F.3d 449, 464 (3d Cir. 2000) ("If the

losing party cannot afford to pay [costs], that party is not automatically exempted from the taxation

of costs. . . . [However], a party may be exempted from costs if he is in fact indigent, if he has

adduced evidence that he indigent, and if the district court sees fit to reduce the costs award

imposed for reasons of equity.") (internal citations and quotations omitted).[1]

Courts have also considered a variety of other factors.  *See generally* Charles Alan Wright,

Arthur R. Miller & Mary Kay Kane, 10 *Fed. Prac. & Proc.* § 2668 at 234-38 & 234 n.15 (3d ed.

---

[1]  Barrington cites Rule 54(e), which provides that costs may not be awarded under Rule 54 as sanctions for violations of the civil rules.  Because the defendants seek post-judgment costs pursuant to Rule 54(d), not sanctions, this restriction in inapplicable.

1998)(collecting cases).  A district court must "explicitly state its reasons for denying costs."

*Holton v. City of Thomasville School Dist.*, 425 F.3d 1325, 1355 (11th Cir. 2005).

## III.    ANALYSIS.

The parties discuss three principal reasons why costs are or are not appropriate.  First, whether Barrington is indigent.  Second, whether the defendants unreasonably increased the costs of the action.  Third, whether Barrington's complaint was filed in bad faith or was frivolous. Under Federal Rules of Civil Procedure 54(d) and 58, a district court retains jurisdiction to resolve disputes over the taxation of costs despite the filing of a notice of appeal.  *See Lucas v. Florida Power & Light Co.*, 729 F.2d 1300, 1301-02 (11th Cir. 1984) ("There is no need to delay entry of judgment pending taxing of costs, since a motion to review taxation of costs may be passed upon by the district court while an appeal is pending."); *see also Rothenberg v. Sec. Mgmt. Co.*, 677 F.2d 64 (11th Cir. 1982) ("It is well settled in this circuit that costs may be taxed after a notice of appeal has been filed.").

### A.    Taxable Costs.

#### 1.    Local 788.

Costs were originally taxed in favor of Local 788 in the amount of $701.55.  Doc. No. 146. The Amended Proposed Bill of Costs filed by Local 788 requests $496.56 in costs.  Doc. No. 153. Local 788 has submitted the Affidavit of Angela D. Twomey, a legal assistant, in support of the Amended Proposed Bill of Costs.  Doc. No. 154.  Twomey breaks down the cost request by category, and she attached receipts and other documents in support of the costs.  Doc. No. 154-2 through 154-9.

The evidence submitted indicates that Local 788 incurred $63.88 in fees of the court reporter for preparation of the transcript of a hearing held on November 16, 2006.  Doc. No. 154-8 at 1.  "Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for the use in the case" are reimbursable under § 1920(2).  Local 788 did not rely on this transcript in support of its motion for summary judgment or in opposition to Barrington's motion for summary judgment.  Accordingly, Local 788 has not documented how this transcript was necessarily obtained for the use in the case.

The evidence indicates that Local 788 incurred $105.00 in costs for certified copies of the depositions of Barbara Klein and Georgi-Ann Bargamian.  Doc. No. 154-8 at 2.  The Eleventh Circuit has concluded that § 1920 includes deposition costs that were incurred for use in the case, but does not include deposition costs incurred merely for convenience or investigation.  *W&O*, 213 F.3d at 620-21.  Local 788 used both of Klein's and Bargamian's depositions in connection with the motions for summary judgment.  Accordingly, these costs are taxable under § 1920.

Local 788 also incurred $114.58 in photocopying costs.  Doc. No. 154-3 (internal photocopying) and Doc. No. 154-4 (external photocopying).  Under § 1920 "[a] prevailing party may recover photocopy costs for copies that the 'party could have reasonably believed' were necessary to the litigation." *George v. GTE Directories Corp.*, 114 F. Supp. 2d 1281, 1299 (M.D. Fla. 2000) (citing *W&O*, 213 F.3d at 623).  "To recover for photocopy expenses, a prevailing party must produce adequate documentation to show that the copies at issue were reasonably intended for use in the case." *Id.*; *accord Cullens v. Ga. Dep't of Transp.*, 29 F.3d 1489, 1494 (11th Cir.

1994) (disallowing copying costs because the plaintiff failed to provide evidence of the documents' use or intended use).

Some photocopying is necessary in any litigation, and in this case, some photocopying was necessary for service of documents on Barrington. However, convenience copies for a client are not reimbursable. Local 788 has provided no explanation of what copies were made or why they were necessary. Absent such a showing, these photocopying costs are not taxable. *George*, 114 F. Supp. 2d at 1299.

Local 788 seeks $30.00 for service of a subpoena on Barrington. *See* Doc. No. 154-2. This expense is not compensable because, at a hearing held on November 16, 2006, counsel for Local 788 indicated that the subpoena was used to obtain discovery documents to circumvent the time to served a response to a request for production of documents under Federal Rule of Civil Procedure 34, which response would have been due after the discovery deadline established by the Court. Doc. No. 133, Hearing of Nov. 16, 2006, Tr. at 10-11. It is improper to use a Rule 45 subpoena for the express purpose of circumventing the response time provided to a party under Rule 34 and the Court's discovery deadline. *Cf. Joiner v. Choicepoint Servs., Inc.*, Civil No. 1:05CV321, 2006 WL 2669370, at * 5 (W.D.N.C. Sept. 15, 2006)(finding "use of a subpoena *duces tecum* under Rule 45 to bypass the requirements of Rule 34's guidelines on document disclosure is 'unthinkable.'" (internal citations omitted)).

Local 788 also seeks $30.89 in PACER costs. Doc. No. 154-5. Many of the requested PACER costs are for documents from other cases, and are not supported by a showing that they were necessarily obtained for use in this case. Accordingly, such costs are not taxable. With

respect to PACER documents from this case, under the Administrative Procedures for Electronic Filing in Civil and Criminal Cases for the Middle District parties get "one free look" at any documents filed electronically, which may then be printed or otherwise saved for future use. Because these documents are available initially without charge, it is difficult to imagine why additional copies were necessarily obtained for use in this case.  Therefore, no PACER costs are properly taxable.

Local 788 seeks $33.08 in courier services fees.  Fees of a courier service are not generally taxable.  *Scelta*, 203 F. Supp.2d at 1339; *Harris v. Ga. Dep't of Corrections*, No. 7:03-CV-33 (HL), 2006 WL 3762067, at *3 (M.D. Ga. Dec. 20, 2006).

Local 788 also seeks certified mail and facsimile costs of $100.18, because Barrington requested that all communications with her be sent by certified mail.  Mailing costs are not generally taxable.  *Harris*, 2006 WL 3762067, at *3.  Moreover, the exhibit submitted to support this request, doc. no. 154-7, is blank.  Therefore, Local 788 has failed to submit sufficient evidence to support this request.

2.   LMC.

LMC seeks costs in the amount of $1,604.70 for fees of the court reporter for Barrington's deposition, and for certified copies of the depositions of Barbara Klein and Georgi-Ann Bargamian.  Doc. No. 150-2.  All of these depositions were used in connection with the motions for summary judgment.  Accordingly, these costs are taxable under § 1920.

LMC also seeks $814.00 for copies.  Doc. No. 150-3.  LMC's records indicate that the copies made were for every docket entry in this case.  Doc. No. 150-3.  Many of the copies were

-8-

for the client. *Id*. Such copies are not taxable. *Cf. Maris Distrib. Co. v. Anheuser-Busch, Inc*., Case No. 5:97-cv-15-OC-10C, 2001 WL 862642, at *5-6 (M.D. Fla., May 4, 2001); *Goodwall Constr. Co. v. Beers Constr. Co.*, 824 F. Supp. 1044, 1065 (N.D. Ga. 1992). Other copies for the Court and service copies to counsel for Local 788 and Barrington are taxable.

Based on a review of LMC's exhibit, LMC incurred $289.75 in copy costs that were not client copies.[2] Therefore, this amount is taxable under § 1920.

Therefore, $1,894.45 in costs of the court reporter, for certified copies of depositions used in connection with the motions for summary judgment, and non-client copy costs would be taxable in favor of LMC.

Based on the foregoing, if costs are taxed against her, Barrington faces an award of costs in the amount of $1,999.45, as follows: $105.00 for costs incurred by Local 788, and $1,894.45 for costs incurred by LMC.

3.     <u>Whether the Defendants Unreasonably Increased the Costs</u>.

Barrington contends that if this case had not been designated as a track-two case, the parties would have incurred fewer costs. Doc. No. 147 at 3. This case was designated as a track-two case by the Court, based upon the request of the defendants to conduct discovery. Doc. Nos. 57, 63. Inasmuch as Barrington challenged, among other things, the nature of her representation by, and her relationship with, various Union personnel, this discovery was necessary to the consideration of her case.

---

[2] This figure is derived by deducting the value of all client copies from those instances in which LMC made multiple copies.

Once the case was redesignated, Barrington took advantage of the rights afforded her under the rules of civil procedure, and took several depositions, including the depositions of Barbara Klein, Georgi-Ann Bargamian, and Ron Gettelfinger.  She relied on those depositions in support of her motion for summary judgment and response to the defendants' motions for summary judgment.  *See* Doc. Nos. 128, 134. Under these circumstances, I conclude that the defendants did not unnecessarily multiply the costs or proceedings in this case, and that a reduction in taxable costs is not warranted based on this argument.

B.      *Barrington's Ability to Pay Costs.*

Barrington argues that she should be excused from paying costs because she is indigent. The Court permitted Barrington to proceed *in forma pauperis* in this case.  Doc. No. 5.  In support of her argument that she is currently indigent and unable to pay costs, Barrington submitted her own affidavit, doc. no. 155-2 at 1; the Affidavit of Ruth Jorden, *id*. at 2; the statement of Debra Gude,[3] *id*. at 3; and a letter received from someone whose signature is illegible, *id*. at 4.  She also submitted a receipt from a pawn shop, indicating that she pledged personal property (which Barrington writes was her wedding ring) for a loan, doc. no. 155-3 at 1; and a scholarship award letter for her son, doc. no. 155-3 at 2.  *Cf.* Doc. No. 158 (materials submitted in support of motion to proceed *in forma pauperis* on appeal).

In her affidavit, Barrington avers that she has not worked since she was terminated by LMC in March 2004, except to perform small services for friends.  Doc. No. 155-2 at 1.  Her husband, from whom she is separated, makes the house payment.  *Id*.  Because of indigency, she

---

[3]  The statement is not attested to by a notary and does not contain the language required for an unsworn declaration under 28 U.S.C. § 1746.

has put her son on Medicaid. *Id*. She avers, "I cannot afford to pay the defendants['] fees. [They] seem to believe that I can get others or ask someone to pay their fees. They both are wrong, the fees would be on me to pay and no one else is responsible for it." *Id*. She also avers that if she had known that the Court could have awarded costs, she "would have never filed the case." *Id*.

These materials establish that Barrington does not have the present financial ability to pay taxable costs.

C.     *Bad Faith or Frivolous Litigation.*

Local 788 and LMC argue that despite Barrington's inability to pay costs, an award of costs is nevertheless appropriate because Barrington's complaint was frivolous and because she acted in bad faith during the litigation.

1.     The Complaint Was Not Frivolous.

"In determining whether a suit is frivolous, a district court must focus on the question whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful." *Sullivan v. School Bd. of Pinellas County*, 773 F.2d 1182, 1189 (11th Cir. 1985) (internal quotations and citations omitted). "Determinations regarding frivolity are to be made on a case-by-case basis." *Id*. Additionally, "[a]n unrepresented litigant should not be punished for his failure to recognize subtle factual or legal deficiencies in his claims." *Hughes v. Rowe*, 449 U.S. 5, 15 (1980) (applying Title VII fee shifting standard).

Having carefully considered the record before ruling on the motion for summary judgment, and as reflected in the twenty-four page order on the motions for summary judgment, I find that the complaint was not frivolous.

-11-

2.      Bad Faith During the Litigation.

LMC argues that Barrington engaged in a pattern of abusive conduct, which makes an award of costs equitable.  Doc. No. 151.  Among other things, LMC references instances when Barrington threatened to bring disciplinary actions against counsel for Local 788 or LMC, accused counsel of trying to "trick" her, and made derogatory remarks about counsel.  *See* Doc. No. 151. Barrington, on the other hand, details what she perceives as mistreatment by the defendants and their counsel.  *See* Doc. No. 147.

Based on a review of the documents submitted by the parties, and based on my familiarity with the entire record in this case, it is clear that this has been a frustrating experience for all parties involved.  Viewed as the product of this frustration, I cannot conclude that Barrington's actions representing herself in this case rise to actionable bad faith that would support a requirement that she pay costs as a form of sanction for her conduct.

## IV.    CONCLUSION.

Based on the analysis set forth above, I conclude that this is a case in which it is equitable and appropriate to relieve Barrington from the obligation to pay taxable costs.  It is undisputed that she does not have the present ability to pay the costs.  The issues she raised in her complaint were not frivolous; indeed, the issues raised by her case were difficult, both legally and factually.    No other basis exists to conclude that an award of costs would be appropriate as a sanction for bad faith behavior during the litigation.

Accordingly, Barrington's Motion for Relief, doc. no. 147, which is construed as an objection under Federal Rule of Civil Procedure 54(d)(1) is **GRANTED**.  The Bill of Costs

previously taxed in favor of Local 788, doc. no. 146, is **VACATED**.  The Amended Proposed Bill

of Costs by Local 788, doc. no. 153, may not be taxed by the Clerk of Court.  Defendant Lockheed

Martin Corporation's Motion to Tax Costs, doc. no. 151, is **DENIED**.

      **DONE** and **ORDERED** in Orlando, Florida on May 3, 2007.

*Karla R. Spaulding*

                KARLA R. SPAULDING
        UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties